UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FEDERAL TRADE COMMISSION**,

      Plaintiff,

v.

**THE CUBAN EXCHANGE, INC.,** also d/b/a
**CrediSure America** and also d/b/a **MyiPad.us**, a
corporation,

and

**SUHAYLEE RIVERA**, individually and as an
officer or director of The Cuban Exchange, Inc.,

      Defendants.

**Case No. 12-CV-5890**

## TEMPORARY RESTRAINING ORDER

Plaintiff, the Federal Trade Commission ("FTC"), has filed its Complaint for Permanent

Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of the Federal Trade

Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and

Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108

(Doc. No.1), and has moved, pursuant to Federal Rule of Civil Procedure 65(b), for a Temporary

Restraining Order, Other Equitable Relief, and an Order to Show Cause Why a Preliminary

Injunction Should Not Issue against Defendants The Cuban Exchange, Inc., also d/b/a CrediSure

America and also d/b/a MyiPad.us; and Suhaylee Rivera (collectively, "Defendants") (Doc. Nos.

2, 3, 6, 8-13.)

## I.   FINDINGS

The Court, upon Order to Show Cause signed and issued on November 29, 2012 (Doc. No. 8) and after a hearing held on November 30, 2012, and having considered the Complaint, the motion for a temporary restraining order, and all declarations, exhibits, and the memorandum of points and authorities, and all other papers attached in support, finds that:

A.   This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto, and that venue in this district is proper;

B.   There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310, and that the FTC is therefore likely to prevail on the merits of this action;

C.   There is good cause to believe that Consumers will suffer immediate and irreparable harm from Defendants' ongoing violations of Section 5(a) of the FTC Act and the TSR unless Defendants are restrained and enjoined by Order of this Court;

D.   There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief for Consumers (including monetary restitution, rescission, disgorgement, or refunds) will occur from the sale, transfer, destruction, or other disposition or concealment by Defendants of Documents, records, or other evidence unless Defendants are immediately restrained and enjoined by Order of this Court;

E.   Good cause exists for permitting the FTC to take expedited discovery;

F.   Good cause also exists for the ancillary relief ordered herein;

G.   Weighing the equities and considering the FTC's likelihood of ultimate success on the merits, it is in the public interest that the Court enter a Temporary Restraining Order that temporarily:  (1) enjoins Defendants from making misrepresentations and violating the TSR; (2) orders Defendants to show cause why a preliminary injunction should not issue; and (3) provides other equitable relief; and

H.   The FTC is an independent agency of the United States of America and therefore, pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, no security is required for issuance of a temporary restraining order.

I.   Proper service of the Complaint, the Order to Show Cause, the application for a Temporary Restraining Order and all papers upon which it is based has been made upon Defendant Suhaylee Rivera .  (Doc. Nos. 10-13.)  And further, the FTC has provided reasonable notice to both Defendants.  (*Id.*)  And further, and for the reasons set forth at ¶¶ 19-20 of Doc. No. 10 and on the record at the Show Cause hearing held this date, the Court finds that immediate relief is necessary even absent notice and service pursuant to Fed. R. Civ. P. 65(b)(1).

## II.   **DEFINITIONS**

For the purpose of this Temporary Restraining Order ("Order"), the following definitions shall apply:

A.   **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property, including chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), insurance policies, lines of credit,

Case 1:12-cv-05890-NGG-RML  Document 14  Filed 11/30/12  Page 4 of 20 PageID #: 244

cash, trusts (including asset protection trusts), lists of Consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Defendant, including such reserve funds held by payment processors, credit card processors, banks, or other Financial Institutions.

B.     **"Clear and Conspicuous"** means:

1.     In print communications, the message shall be presented in a manner that stands out from the accompanying text, so that it is sufficiently prominent, because of its type size, contrast to the background against which it appears, location, or other characteristics, for an ordinary Consumer to notice, read, and comprehend it in relation to any claim it may be modifying;

2.     In communications made through an electronic medium (e.g., television, Internet, telephone, etc.), the message shall be presented simultaneously in both the audio and visual portions of the communication.  In any communication presented solely through visual or audio means, the message shall be made through the same means in which the communication is presented.  In any communication disseminated by means of an interactive electronic medium (e.g., Internet), a disclosure must be unavoidable and presented prior to the Consumer incurring any financial obligation.  Any audio message shall be delivered in a volume and cadence sufficient for an ordinary Consumer to hear and comprehend it in relation to any claim it may be modifying.  Any visual message shall be presented in a manner that stands out in the context in which it is presented, so that it is sufficiently prominent, because of its size and shade, contrast to the background against which it appears, length of time it appears on the screen, and its location,

for an ordinary Consumer to notice, read, and comprehend it in relation to any claim it may be modifying; and

3.   Regardless of the medium used to disseminate it, the message shall be in understandable language and syntax.  Nothing contrary to, inconsistent with, or in mitigation of the message shall be used in any communication.

C.   **"Consumer"** means any Person.

D.   **"Corporate Defendant"** means The Cuban Exchange, Inc., also d/b/a CrediSure America and also d/b/a MyiPad.us, as well as all of its divisions, subsidiaries, affiliates, predecessors, successors, and assigns.

E.   **"Defendants"** means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination, and each of them by whatever names each might be known.

F.   **"Document" or "Documents"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and encompasses both paper documents and electronically stored information—including writings, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence (including email, instant messages, text messages, and other correspondence transmitted on cell phones, smart phones, and other mobile devices), photographs, audio and video recordings, contracts, accounting data, advertisements (including advertisements placed on the Internet), FTP logs, server access logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business cancelled checks, check registers, bank statements, appointment books, computer records and files, mobile electronic records and files, images, and other data or data

compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by Defendants into a reasonably usable form.  A draft or non-identical copy is a separate Document within the meaning of the term.

G.    **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

H.    **"FTC Act"** means the Federal Trade Commission Act codified at 15 U.S.C. §§ 41-58.

I.    **"Individual Defendant"** means Suhaylee Rivera and all Persons acting on her behalf.

J.    **"Material"** means likely to affect a Person's choice of, or conduct regarding, goods or services.

K.    **"National Do Not Call Registry**" means the registry of telephone numbers maintained by the FTC, pursuant to Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), of Persons who do not wish to receive Outbound Telephone Calls to induce the purchase of goods or services.

L.    **"Outbound Telephone Call"** means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

M.    "**Person**" shall be construed in its broadest sense and means both natural persons and artificial entities, including sole proprietorships, general partnerships, limited partnerships, joint ventures, limited liability partnerships, limited liability companies, corporations, sub-chapter S corporations, closely held corporations, professional corporations, business associations, business trusts, and all past and present officers, directors, managers, members, agents, employees, parent companies, subsidiaries,

predecessors, successors, affiliates, assigns, divisions, or other persons acting or purporting to act on such person's behalf.

N.   "**Representative**" or **"Representatives"** means Defendants' officers, directors, managers, members, agents, servants, employees, and attorneys, and any other Person or entity in active concert or participation with them, who receives actual notice of this Order by personal service or otherwise.

O.   **"Seller"** means any Person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration.

P.   **"Telemarketer"** means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

Q.   "**Telemarketing**" means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

R.   "**Telemarketing Sales Rule**" or "**TSR**" means the Telemarketing Sales Rule set forth in 16 C.F.R. Part 310.

### III.   PROHIBITED MISREPRESENTATIONS

**IT IS HEREBY ORDERED** that, in connection with the marketing, advertising, promotion, distribution, offering for sale, or sale of any good or service, Defendants and their Representatives, whether acting directly or indirectly through any entity, corporation, subsidiary, division, director, manager, member, affiliate, agent, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any of the following:

A.      That Defendants are affiliated with or endorsed by the FTC;

B.      That Defendants can obtain refunds/redress from the FTC on behalf of Consumers;

C.      That Defendants can reduce FTC refund/redress wait times to 5 to 7 business days from 8 to 10 weeks;

D.      That Defendants know that the Consumer is entitled to a refund or redress from the FTC;

E.      That Defendants have assisted more than 13,000 clients in receiving refunds/redress from the FTC.

F.      That Defendants are affiliated with, endorsed by, or sponsored by any Person or any government entity;

G.      That Defendants can obtain refunds, redress, or payments from any government entity on behalf of Consumers;

H.      That Defendants can reduce the time period for a Consumer to receive any refund, redress, or payment from any Person;

I.      That Defendants know that the Consumer is entitled to a refund or redress from any government entity;

J.       That Defendants have assisted Consumers in receiving refunds, redress, or payments

         from any government entity.

K.       Any Material restrictions, limitations, or conditions to purchase, receive, or use any

         goods or services;

L.       Any Material terms regarding the total cost to purchase, receive, or use, and the quantity

         of, any goods or services that are subject to any sales offer;

M.       Any Material aspect of the performance, efficacy, nature, or central characteristics of

         goods or services that are the subject of any sales offer;  or

N.       Any other fact Material to a Consumer's decision to purchase any goods or services.

## IV.    PROHIBITIONS REGARDING TELEMARKETING

**IT IS FURTHER ORDERED** that, in connection with Telemarketing, Defendants and

their Representatives, whether acting directly or through any entity, corporation, subsidiary,

division, director, manager, member, affiliate, agent, independent contractor, accountant,

financial advisor, or other device, are hereby temporarily restrained and enjoined from initiating,

or causing others to initiate, an Outbound Telephone Call:

A.       That misrepresents, directly or by implication:  (1) the total costs to purchase, receive, or

         use any goods or services that are the subject of a sales offer; (2) any Material restriction,

         limitation, or condition to purchase, receive, or use goods or services that are the subject

         of a sales offer; or (3) any Material aspect of the performance, efficacy, nature, or central

         characteristics of goods or services that are the subject of a sales offer;

B.       That misrepresents, directly or by implication, a seller's or Telemarketer's affiliation

         with, or endorsement or sponsorship by any Person or government entity;

C.       To a Person whose telephone number is on the National Do Not Call Registry;

D.      That fails to transmit the telephone number and/or name of the Telemarketer or seller to any caller identification service in use by the recipient of the call;

E.      That delivers a prerecorded message;

F.      That fails to disclose truthfully, promptly, and in a Clear and Conspicuous manner to the Person receiving the call:  (1) the identity of the seller; (2) that the purpose of the call is to sell goods or services; and (3) the nature of the goods or services;

G.      That delivers a prerecorded message and fails to disclose truthfully, promptly, and in a Clear and Conspicuous manner to the Person receiving the call:  (1) the identity of the seller; (2) that the purpose of the call is to sell goods or services; and (3) the nature of the goods or services;

H.      To a telephone number within a given area code when Defendants have not, either directly or through another Person, paid the required annual fee for access to the telephone numbers within that area code that are included on the National Do Not Call Registry.

## V.      DISABLEMENT OF WEBSITES

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, (1) any Person hosting any Internet website for, or on behalf of, any Defendant, and (2) Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, shall:

A.      Immediately do whatever is necessary to ensure that the following Internet websites cannot be accessed by the public:  (1) www.ftcrefund.com; (2) www.credisure.net; (3) any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of refund or redress services; and (4) any Internet

website representing that Defendants are affiliated with, endorsed by, or sponsored by any government entity;

B.     Prevent the destruction or erasure of and preserve in the format in which they are maintained currently the following Internet websites:  (1) www.ftcrefund.com; (2) www.credisure.net; (3) any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of refund or redress services; and (4) any Internet website representing that Defendants are affiliated with, endorsed by, or sponsored by any government entity;

## VI.   SUSPENSION OF INTERNET DOMAIN REGISTRATIONS

**IT IS FURTHER ORDERED** that any domain name registrar shall:

A.     Suspend the registration of the following Internet websites:  (1) www.ftcrefund.com; (2) www.credisure.net; (3) any Internet website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of refund or redress services; and (4) any Internet website representing that Defendants are affiliated with, endorsed by, or sponsored by any government entity; and

## VII.   FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that each Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to Counsel for the FTC:

A.     Completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for themselves individually, and **Attachment B** (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, director, member, or manager and for each trust for which any Defendant is a trustee.  The financial statements

shall be accurate as of the date of entry of this Order and signed under penalty of perjury. Each Defendant shall include in the financial statements all information requested in the statements, including a full listing, verified under oath, of all funds and Assets, whether located inside or outside of the United States, that are: (1) titled in the name of such Defendant, jointly, severally, or individually; (2) held by any Person or entity for the benefit of such Defendant; or (3) under the direct or indirect control of such Defendant. Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

B.   A completed statement, signed under penalty of perjury, of all payments, transfers, or assignments of Assets worth $1,000 or more since January 1, 2009.  Such statement shall include:  (1) the amount transferred or assigned; (2) the name of each transferee or assignee; (3) the date of transfer or assignment; and (4) the type and amount of consideration paid to Defendant.  Each statement shall specify the name and address of each Financial Institution and brokerage firm at which Defendant has accounts or safe deposit boxes.  Said statements shall include Assets held in foreign as well as domestic accounts.

## VIII.   CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

## IX.   PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from:

A.   Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant, (2) the business practices or finances of entities directly or indirectly under the control of any Defendant, or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant, including:  any and all Marketing Materials, World Wide Web pages, Consumer complaints, rate decks, call detail records, telephone logs, telephone scripts, contracts, correspondence, email, corporate books and records, accounting data, financial statements, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, calendars, appointment books, and tax returns;

B.   Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets; and

C.   Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing counsel for the FTC with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, members, and employees; and (4) a detailed description of the business entity's intended activities.

## X.   PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from selling, renting, leasing, transferring, using, disclosing, or otherwise benefitting from the name, address, telephone number, credit card number, bank account number, email address, or other identifying information of any Person that any Defendant obtained prior to entry of this Order in connection with the use of any Internet website for any advertising, marketing, promotion, offering for sale, sale, or provision of refund or redress services, or the use of any Internet website representing that Defendants are affiliated with, endorsed by, or sponsored by any government entity; provided, however, that Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## XI.    DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that:

A.    Within five (5) days from the date of entry of this Order, Defendants shall provide a copy of this Order to each Representative, affiliate, Telemarketer, customer service agent, sales entity, sale agent, distributor, subsidiary, successor, assign, officer, director, member, manager, employee, independent contractor, client company, agent, spouse, and attorney of any Defendant, as well as to any other entity or Person who participates in the marketing, advertising, promotion, distribution, offer for sale, or sale of goods or services on behalf of any Defendant;

B.    Within seven (7) days from the date of entry of this Order, Defendants shall provide the FTC with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone numbers, and e-mail addresses of each such Person or entity who received a copy of the Order; and

C.    Defendants shall not take any action that would encourage officers, agents, members, managers, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other Persons or entities in active concert or participation with Defendants to disregard this Order or believe that they are not bound by its provisions.

## XII.    EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, in anticipation of a preliminary injunction hearing in this matter and, notwithstanding the time periods, notice provisions, and other requirements of Rules 26(d), 26(f), and 30(a)(2)(c) of the Federal Rules of Civil Procedure, and pursuant to Federal Rules of Civil Procedure 30(a), 34, and 45, the parties are granted leave, at any time after

entry of this Order, to conduct expedited discovery as to parties and non-parties.  The expedited discovery set forth in this Section shall proceed as follows:

A.      Any party may, on three (3) days of notice, take the deposition of any Person, whether or not a party, in any judicial district.  Depositions may be conducted telephonically or in person.  Deposition transcripts that have not been signed by the witness may be used at the preliminary injunction hearing in this matter.  The limitations and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules of Civil Procedure.

B.      Any party served with interrogatories shall respond within five (5) days after service. The service of interrogatories pursuant to this Section, notwithstanding Rule 33(a)(1) of the Federal Rules of Civil Procedure, shall not preclude any party from serving any future interrogatories in this action.

C.      Any party may, upon five (5) days' notice, including through the use of a Rule 45 subpoena, demand the production of Documents from any Person, whether or not a party, provided that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

D.      The FTC is granted leave to subpoena Documents immediately from any Financial Institution, account custodian, or other entity or Person that holds, controls, or maintains custody of any account or Asset of any Defendant, or has held, controlled, or maintained custody of any account or Asset of any Defendant concerning:  (1) the nature, location,

status, and extent of any Defendant's Assets; or (2) compliance with this Order.  Such

Financial Institution, account custodian, or other entity shall respond to such subpoena

within five (5) business days after service.

E.      For purposes of discovery pursuant to this Section, service shall be sufficient if made by

facsimile or by overnight courier.

F.      Any expedited discovery taken pursuant to this Section is in addition to, and is not

subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and

Local Rules of this Court.

G.      The expedited discovery permitted by this Section does not require a meeting or

conference of the parties, pursuant to Rules 26(d) and (f) of the Federal Rules of Civil

Procedure.

H.      The parties are exempted from making initial disclosures under Federal Rule of Civil

Procedure 26(a)(1) until further order of this Court.

## XIII.   <u>SERVICE OF THIS ORDER</u>

**IT IS FURTHER ORDERED** that copies of this Order may be served on any Person

that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules

of Civil Procedure, by any means, including U.S. First Class Mail, overnight delivery, facsimile,

email, or personal service, by agents or employees of the FTC, by any law enforcement agency,

by private process server, or by any Person or entity permitted by the Federal Rules of Civil

Procedure to effect service.  For purposes of this Section, service upon any branch, subsidiary,

affiliate, or office of any entity shall effect service upon the entire entity.  This Order shall bind

Persons (including entities) that may be subject to any provision of this Order pursuant to Rule

65(d)(2) of the Federal Rules of Civil Procedure upon such Person's receipt of actual notice, by personal service or otherwise, of this Order.

## XIV.   CORRESPONDENCE AND SERVICE ON THE FTC

**IT IS FURTHER ORDERED** that, for the purpose of this Order, because mail addressed to the FTC is subject to delay due to heightened security screening, all correspondence and service of pleadings on the FTC shall be sent either via electronic transmission or via Federal Express to:

> William T. Maxson (wmaxson@ftc.gov)
> Bikram Bandy (bbandy@ftc.gov)
> Federal Trade Commission
> 600 Pennsylvania Avenue NW
> Mail Stop H-286
> Washington, DC 20580
> (202) 326-2635 (Maxson phone)
> (202) 326-2978 (Bandy phone)
> (202) 326-3395 (fax)

## XV.   PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants shall appear before Magistrate Judge Levy on the 12th day of December, 2012, at 10:30 a.m. in Courtroom 1223 South at the United States Courthouse located at 225 Cadman Plaza East, Brooklyn, NY 11201 to show cause, if there is any, why a Report and Recommendation should not issue recommending the entry of a preliminary injunction against Defendants enjoining them from further violations of the FTC Act and the TSR as alleged in the Complaint and imposing such additional relief as may be appropriate pending final adjudication of the Complaint filed in this matter.

## XVI.   PLEADINGS, EVIDENCE, AND WITNESS LISTS

**IT IS FURTHER ORDERED** that:

A.     Defendants shall file with the Court and serve on the FTC's counsel any answering pleadings, affidavits, motions, expert reports, declarations, and/or legal memoranda no later than five (5) business days prior to the hearing on the FTC's request for a preliminary injunction;

B.     The FTC may file responsive or supplemental pleadings, materials, affidavits, expert reports, declarations, and/or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) day prior to the preliminary injunction hearing in this matter;

C.     The question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendants during pendency of this action shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties;

D.     Live testimony shall be heard only on further order of this Court on motion filed with the Court and served on counsel for the other parties at least five (5) business days prior to the preliminary injunction hearing in this matter, with such motion setting forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit disclosing the substance of each proposed witness's testimony, and an explanation of why the taking of live testimony would be helpful to the Court;

E.     Any papers opposing a timely motion to present live testimony or to present live testimony in response to live testimony to be presented by another party shall be filed with this Court and served on the other parties at least three (3) business days prior to the preliminary injunction hearing in this matter;

F.    An evidentiary hearing on the FTC's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue; and

G.    All affidavits, pleadings, motions, expert reports, declarations, legal memoranda and/or oppositions must be served by personal or overnight delivery, facsimile, or email.

## XVII.  <u>DURATION OF ORDER</u>

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall expire fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Federal Rule of Civil Procedure 65(b)(2).

## XVIII. <u>RETENTION OF JURISDICTION</u>

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**:


DATED: November 30, 2012

*Roslynn R. Mauskopf*
_____
UNITED STATES DISTRICT JUDGE