UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

FEDERAL TRADE COMMISSION,

            Plaintiff,

-against-

THE CUBAN EXCHANGE, INC., also d/b/a
CreditSure America and also d/b/a
MyiPad.us, a corporation, and SUHAYLEE
RIVERA, individually and as an officer or
director of The Cuban Exchange, Inc.,

            Defendants.
------------------------------------------------------------------------X

**ORDER**

**12-CV-5890 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

On November 28, 2012, Plaintiff Federal Trade Commission ("FTC") filed this suit alleging that Defendants violated the Federal Trade Commission Act, as amended, 15 U.S.C. § 41, et seq. ("FTC Act"), and the Telemarketing Sales Rule, 16 C.F.R. Part 310, by orchestrating a scam in which Defendants duped consumers into providing their bank account information. (Compl. (Dkt. 1).) Specifically, Plaintiff alleges that Defendants made illegal "robocalls" to consumers that displayed caller identification information that falsely indicated that the calls originated from the FTC. (Id. ¶ 3.) These messages allegedly directed consumers to http://www.ftcrefund.com, which solicited their bank account information to facilitate payments supposedly owed to them by the FTC. (Id.) Plaintiff alleges, however, that it has no relationship with Defendants and that the entire story was a ruse. (Id. ¶¶ 3-4.)

Also on November 28, 2012, Plaintiff moved for a temporary restraining order ("TRO") and preliminary injunction shutting down Defendants' websites, enjoining them from engaging in certain telemarking conduct, requiring the preservation of evidence, and providing expedited discovery. (See Mot. for TRO (Dkt. 2).) On November 30, 2012, the Honorable Roslynn R. Mauskopf of the Eastern

1

District of New York held a hearing on Plaintiff's request for a TRO. (See Nov. 29, 2012, Order to Show Cause (Dkt. 8); Nov. 30, 2012, Order (Dkt. 14).) Defendants did not appear at this hearing.

Later on November 30, 2012, Judge Mauskopf granted Plaintiff's motion and issued the TRO, which was to expire after fourteen days. (See Nov. 30, 2012, Order at 20.) Judge Mauskopf further ordered Defendants to appear before Magistrate Judge Robert M. Levy on December 12, 2012, to show cause why a report and recommendation ("R&R") should not issue to this court recommending the entry of a preliminary junction against them. (See id. at 18.)

On December 12, 2012, Judge Levy conducted the hearing ordered by Judge Mauskopf; Defendants again did not appear. (See Dec. 12, 2012, Order.) At the hearing, Plaintiff detailed its evidence in support of its motion for a preliminary injunction and orally moved to extend the TRO. (Id.) In a subsequent order, Judge Mauskopf invited any papers in support of or in opposition to this motion to extend to be submitted by December 14, 2012. (Id.) Defendants did not submit any opposition.

On December 14, 2012, Judge Mauskopf held a hearing on the motion to extend. (See Dec. 14, 2012, Minute Entry (Dkt. 20).) Defendants did not appear. (Id.) That day, Judge Mauskopf granted Plaintiff's motion and extended the TRO until January 25, 2013. (Dec. 14, 2012, Order (Dkt. 21).)

On December 19, 2012, Judge Levy issued his R&R, which recommended that this court grant Plaintiff's motion for a preliminary injunction. (See R&R (Dkt. 22).) Judge Levy concluded that based on the documentary evidence, Plaintiff satisfied the standard articulated in the FTC Act, which authorizes the FTC to obtain a preliminary injunction "[u]pon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest.'" (Id. at 3 (quoting 15 U.S.C. § 53(b)) (alteration in original).) Judge Levy ordered that any objections to the R&R were to be submitted within fourteen days, or by January 2, 2013. (See id. at 5-6.)

No party has objected to Judge Levy's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 5-6.) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS the R&R in its entirety. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007). Accordingly, the court GRANTS Plaintiff's motion and the TRO issued by Judge Mauskopf is hereby converted into a preliminary injunction. See Barturen v. Wild Edibles, Inc., No. 07-CV-8127 (LLS), 2007 WL 4468656, at *6 (S.D.N.Y. Dec. 18, 2007) (converting a TRO into a preliminary injunction).

SO ORDERED.

Dated: Brooklyn, New York
January 4, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge